1  BANNING MICKLOW & BULL LLP
   Edward M. Bull III, SBN 141996
2  Eugene A. Brodsky, SBN 36691
   Jessica L. Voss, State Bar No. 247033
3  501 West Broadway, Suite 2090
   San Diego, California 92101
4  Telephone: (619) 230-0030
   Facsimile: (619) 230-1350
5
   Attorneys for Plaintiff
6  Lester A. Scanlan

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 LESTER A. SCANLAN          )  CASE NO. '08 CV 0915 IEG CAB
12                            )
          Plaintiff,          )  IN ADMIRALTY
13                            )
   vs.                        )  PLAINTIFF'S COMPLAINT FOR
14                            )  NEGLIGENCE UNDER THE
   CAVANAUGH SPORTFISHING, INC.,) GENERAL MARITIME LAW
15 BILL CAVANAUGH and DOES 1-10, in) DEMAND FOR JURY TRIAL
   personam, and FV PACIFIC QUEEN,)
16 and her engines, tackle, apparel, etc., in)
   rem,                       )
17                            )
          Defendants.         )
18 _____)

19             **INTRODUCTORY ALLEGATIONS**

20      1.   Plaintiff LESTER A. SCANLAN ("Plaintiff") brings and maintains this

21 action based upon the General Maritime Law pursuant to the United States

22 Constitution, Article III, Section 2, and 28 U.S.C. Section 1333, and this is an

23 admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of

24 Civil Procedure.

25      2.   Plaintiff LESTER A. SCANLAN is a citizen of the United States and is a

26 resident of Marin County, California, and was at all relevant times a lawful passenger

27 ─────────────────────────────────────────────
   COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL         Case No.
28
                              Page 1

for hire aboard the commercial sports fishing vessel F/V PACIFIC QUEEN ("PACIFIC QUEEN"). Plaintiff paid the compensation required to be paid by Defendants for transportation aboard the vessel.

4. At all time mentioned herein Defendants CAVANAUGH SPORTFISHING, INC. and BILL CAVANAUGH owned, operated, maintained and chartered the F/V PACIFIC QUEEN, and maintained their principal place of business at Fisherman's Landing, 2838 Garrison Avenue, San Diego, California. Defendant CAVANAUGH SPORT FISHING INC., is a California corporation with it's principal office at 2838 Garrison St., San Diego, California. Defendant BILL CAVANAUGH is an individual, who, at all relevant times, was a resident of San Diego County and was Captain and of the F/V PACIFIC QUEEN during the course of its voyage on June 4, 2005.

5. At all times herein mentioned, the defendant PACIFIC QUEEN was operated afloat upon navigable waters of the Pacific Ocean. Plaintiff is informed and believes that PACIFIC QUEEN will be within this district during the pendency of this action. To the extent not immediately served (i.e. arrested pursuant to Rule C of the special Admiralty Rules), Plaintiff hereby reserves all rights to effectuate such service and to pursue any and all *in rem* claims that may sound against such vessel in this District Court arising out of the claims asserted herein at any time or otherwise if need should arise to obtain security for the satisfaction of such claims or to compel the attendance of any non-appearing *in personam* defendant. Any entities or persons with any ownership or security interest in such vessel are hereby put on notice of the assertion of a maritime lien against said vessel.

6. All *in personam* Defendants are residents of this state, have extensive contacts with this state, both specific and general, and/or have personally availed themselves of the benefits of doing business in this state and are thus subject to

personal jurisdiction within the State of California. The Defendants reside and are doing business in the Southern District of California and/or were doing business in this District at all relevant times, and all operative events giving rise to this action occurred in this District, rendering this a proper venue for the prosecution of this action.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10 and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities if and when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

8. Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 10, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and

## FIRST CAUSE OF ACTION

**(General Maritime Law Negligence Against All Defendants and on Behalf of Plaintiff Lester A. Scanlan)**

9. Plaintiff incorporates by reference, as though fully set forth in like force and effect, all of the allegations contained in the previous paragraphs of this

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL          Case No.

Complaint.

10. On or about the evening of June 3, 2005, plaintiff boarded the F/V PACIFIC QUEEN along with 31 other passengers, defendant Captain Cavanaugh and two deckhands, for a five day fishing trip. Upon departing San Diego, the PACIFIC QUEEN proceeded South to the fishing grounds off the Mexican Coast, with fishing to commence in the early morning hours of June 4, 2005.

11. At about 6:00 A.M. on June 4, 2005, the passengers, including Plaintiff, started fishing for albacore and other varieties of fish off the Mexican coast, and fishing activities continued all day. During the evening, but before darkness, the passengers were all directed and/or otherwise moved to the stern of the vessel to commence/continue fishing. Although the vessel was traveling through approximately eight foot swells, Captain Cavanaugh nonetheless turned the boat around, let it drift, and then went to the stern. Almost immediately the boat began to pitch and roll.

12. Plaintiff, after obtaining bait from the tank, again started to fish. Because the vessel was pitching and rolling, it was necessary for the Plaintiff and other fishermen to take a wide stance for balance and to be able to move their feet about the deck to accommodate for any unanticipated pitching and rolling.

13. The Captain and the two deckhand, who were standing behind the passengers who were all fishing, were aware, or should have known, that the lazarette and its hatch cover had been left unlatched and opened and presented an unreasonable risk of harm to the passengers, and should either have closed the lazarette or taken other steps to protect the passenger from this dangerous condition. However, they did not take any such steps and while Plaintiff was handling his rod and reel, the FV PACIFIC QUEEN pitched, and as Plaintiff stepped backwards for balance, his feet hit

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL                Case No.

the open lazarette coaming, and he proceeded to fall backwards down a very steep steel ladder, causing he head to strike the forward bulkhead, causing serious and permanent injuries to his neck, lower back, head and hand.

14. Defendants under the circumstances owed Plaintiff a duty of reasonable care. Defendants breached their duty of care to Plaintiff and were then and there negligent for, among other reasons:

   a. their failure to provide Plaintiff with a safe place to walk or stand under the circumstances;

   b. their failure to secure the lazarette and prevent passengers from falling and injuring themselves;

   c. their failure to exercise ordinary care under the circumstances to have the vessel, her crew and her training, work methods and equipment and gear in a seaworthy condition;

   d. their failure to warn of the danger of the open lazarette under the circumstances;

   e. their failure to keep passengers away from the the open lazarette under the circumstances, and

   f. their violation of laws, statutes and regulations enacted to promote safety at sea.

15. As a legal result of Defendants' negligence, Plaintiff sustained serious physical and emotional injuries, disfigurement and physical disability, all of which will be proven at time of trial.

16. As a further legal result of Defendants' negligence, Plaintiff has sustained and will continue to sustain special damages including, without limitation, past, present and future lost earnings, impairment of future earning capacity, medical

expenses, and other out of pocket expenses, the exact amount of which will be proven at time of trial.

17. As a further legal result of Defendants' negligence, Plaintiff has sustained and will continue to sustain general damages including, without limitation, past, present and future damages for pain, suffering, mental anguish, emotional distress, discomfort, inconvenience, disability, disfigurement, loss of use and enjoyment of his usual activities and life's pleasures, loss of enjoyment of life and fear of future medical consequences of his diagnosed condition, the amount of which will be established at trial according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against the FV PACIFIC QUEEN, her engines, tackle, apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters alleged herein; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that the FV PACIFIC QUEEN be condemned and sold to satisfy Plaintiff's judgment;

2. That process in due form of law according to the practice of this Honorable Court issue against the Defendants, citing them to appear and answer all and singular the matters aforesaid;

3. That Plaintiff may have judgment for his general, special and other allowable damages in an amount according to proof at trial;

4. That Plaintiff be awarded prejudgment interest on the amounts awarded;

5. That Plaintiff be awarded his costs of suit; and

6. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper.

DATED: May 22, 2008                BANNING MICKLOW & BULL LLP

By _____
  Edward M. Bull III
  Eugene A. Brodsky
  Jessica L. Voss

Attorneys for Plaintiff
LESTER A. SCANLAN

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

DATED: May 21, 2007                BANNING MICKLOW & BULL LLP

By _____
  Edward M. Bull III
  Eugene A. Brodsky
  Jessica L. Voss

Attorneys for Plaintiff
LESTER A. SCANLAN

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 2008 MAY 22 PM 4:41 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ___KNW___ DEPUTY

ORIGINAL    FAXED

## I. (a) PLAINTIFFS
Lester A. Scanlan

**DEFENDANTS**
Cavanaugh Sportfishing, Inc., Bill Cavanaugh, and Does 1-10, in personam and F/V PACIFIC QUEEN, in rem

(b) County of Residence of First Listed Plaintiff    **Marin County, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **San Diego, CA**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward M. Bull III, Banning Micklow & Bull LLP, 501 West Broadway, Ste. 2090, San Diego, CA 92101; (619) 230-0030

Attorneys (If Known)

'08 CV 0915 IEG CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
General Maritime Law Pursuant to U.S. Constitution, Article III, Section 2 and U.S.C. Section 1333
Brief description of cause:
Passenger injured aboard commercial fishing vessel

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE    05/22/2008
SIGNATURE OF ATTORNEY OF RECORD    Edward M. Bull III

**FOR OFFICE USE ONLY**
RECEIPT # 15213    AMOUNT 350.    APPLYING IFP    JUDGE    MAG. JUDGE
5/22/08

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 151213      - SR

          May 22, 2008
            16:45:43


        Civ Fil Non-Pris
USAO #.: 08CV0915 CIV. FIL.
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC#69063



        Total-> $350.00


FROM: SCANLAN V. SPORTFISHING, ET AL
      CIVIL FILING
```